IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

CORY LEE WILLIAMS, #176 424          *

    Petitioner,                              *

v.                                                   *          3:08-CV-835-TMH
                                                                               (WO)

STATE OF ALABAMA, *et al.*,          *

    Respondents.                          *

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on October 15, 2008 by Cory Williams, a state inmate. In the petition, Williams challenges his conviction for second degree assault entered against him by the Circuit Court for Lee County, Alabama, on April 17, 2007. In their answer filed with this court on January 7, 2009, Respondents assert that Williams has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, Respondents maintain that Williams' habeas application should be dismissed without prejudice as a "mixed petition" as he presents both exhausted and unexhausted claims. (*Doc. No. 23 at 9-11*.)

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). The exhaustion doctrine set forth in section 2254 requires that

the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples,* 489 U.S. 346, 349 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy,* 455 U.S. 509, 518 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted).

Upon review of the pleadings filed in this case, it appears that Williams has not yet exhausted his available state court remedies with respect to some of the claims presented in his petition for habeas corpus relief.  Williams may present his unexhausted claims to the state courts through a petition for post-conviction relief under Rule 32, Ala.R.Crim.P.  Under these circumstances, the court does not deem it appropriate to rule on the merits of Williams' claims without first requiring that he exhaust available state remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).  Moreover, it does not appear that a stay of this case is warranted as there is nothing before this court which indicates that good cause exists for Williams' his failure to exhaust his claims first in state court. *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005).  Accordingly, it is

ORDERED that on or before **January 30, 2009** Williams shall show cause why his

petition should not be dismissed for failure to exhaust state remedies.

Done, this 9th day of January  2009.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE